**Bappi LAHIRI, Plaintiffs,**

v.

**UNIVERSAL MUSIC & VIDEO DISTRIBUTION, INC., et al, Defendants.**

**Saregama India Limited**

v.

**Andre Young pka Dr. Dre, et a., Defendants.**

**Nos. CV02–9856ODWCTX, CV–02–8330ODWCTX.**

United States District Court, C.D. California, Western Division.

Aug. 9, 2007.

Anthony Kornarens, Law Offices of Anthony Kornarens, Santa Monica, for Plaintiff.

Russell J. Frackman and Jeffrey D. Goldman, Mitchell Silberberg & Knupp LLP, Los Angeles, for Defendant.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

OTIS D. WRIGHT II, District Judge.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This renewed Motion for Summary Judgment concerns the alleged copyright infringement of the song *Thoda Resham Logta Hai* ("*Thoda*") by Universal Music & Video Distribution Corp., and various other individuals and entities ("Defendants"). *Thoda* was allegedly written by Bappi Lahiri ("Lahiri") for the Indian film *Jyoti* pursuant to a two-page agreement with Pramod Films ("Pramod"), the producer of *Jyoti.* The movie and accompanying soundtrack were released in India in 1981. Pramod later assigned the music copyrights in *Jyoti* to Saregama India Limited ("Saregama").

In 2002, Lahiri learned that *Thoda* "had been sampled and used as the 'hook' and the main musical track in the hip hop song *Addictive,* which is performed by an artist known as Truth Hurts and released by Defendants on an album called 'Truthfully Speaking.'" (Opp'n at 2.) On April 16, 2003, Lahiri "obtained a certificate of registration to the copyright for the composition, *Thoda,* from the U.S. Copyright Office." (Opp'n at 3; Lahiri Decl., Exs. B, C.) Two weeks later, "Saregama also registered its copyright in the sound recording and the musical composition with the U.S. Copyright Office." (Opp'n at 3.) Lahiri and Saregama then filed separate complaints against Defendants, which were subsequently consolidated into this action.

On November 3, 2003, Defendants moved to dismiss or stay the action. De-

fendants pointed out that Lahiri and Saregama offer conflicting claims for copyright ownership in *Thoda*, and argued that they should litigate that issue separately before proceeding against Defendants. Alternatively, Defendants argued the Court should enter summary judgment against Lahiri because he is not the copyright owner of *Thoda* under India's copyright law. Lahiri and Saregama responded by filing their own motions for summary judgment on their respective copyright infringement claims.

After noting that both Lahiri and Saregama hold U.S. copyright registrations in *Thoda*,[1] and that they agree amongst themselves that they are co-owners of such copyrights, the Court found "no genuine issue exists as to Plaintiffs' copyright ownership of *Thoda*." (Order of July 16, 2004 at 7.) Accordingly, the Court denied Defendants' motions and granted (in part) Plaintiffs' motions for summary judgment, finding Lahiri and Saregama co-owners of the copyrights in *Thoda*.[2] On March 29, 2006, the Court denied Defendants' Motion for Reconsideration. (Order of March 29, 2006.)

On February 23, 2007, the case was reassigned to the Honorable John F. Walter. [Docket No. 356.] After Judge Walter set a hearing date on this renewed motion [Docket No. 367], the case was transferred to this Court. [Docket No. 439.] This Court then reset the hearing date on Defendants' motion for Monday, July 2, 2007. [Docket No. 440.]

Having considered the arguments and evidence raised in support of and in opposition to the instant motion, as well as the arguments advanced by counsel at the hearing, Defendants' Motion for Summary Judgment is hereby GRANTED.

## II. DISCUSSION

### A. Legal Standard for Summary Judgment

Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden may be met by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323–24, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir.2000).

---

1. A certificate of copyright registration ordinarily creates a rebuttable presumption of valid copyright ownership. 17 U.S.C. § 410(c). As discussed below, however, this presumption is inapplicable here, as the copyright ownership of *Thoda* is determined by India's copyright law.

2. The Court found "a genuine issue exists as to whether Defendants have unlawfully copied constituent elements of *Thoda* that are original." (Order of July 16, 2004 at 7.)

Only genuine disputes—where the evidence is such that a reasonable jury could return a verdict for the nonmoving party—over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001) (the nonmoving party must present specific evidence from which a reasonable jury could return a verdict in its favor).

### B. *Lahiri's Threshold Concerns*

Lahiri offers several reasons why this Court should not revisit its July 16, 2004 decision and the subsequent denial of Defendants' motion for reconsideration. First, Lahiri argues that Defendants failed to meet the standard for reconsideration. (Opp'n at 6–7.) As Defendants point out, however, this argument "is a *non sequitur.*" (Reply at 4.) The matter before the Court is Defendants' renewed Motion for Summary Judgment, not their motion for reconsideration. Accordingly, Lahiri's argument is inapposite.

 Second, Lahiri argues that "the law of the case doctrine" precludes this Court from revisiting its prior decision. (Opp'n at 6.) This argument misapprehends the doctrine. "[T]he law of case doctrine merely expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (citations omitted). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance." *Id.* Accordingly, because this Court is considering a motion previously decided by another judge in the same courthouse, the law of the case doctrine does not preclude it from revisiting its prior decision.[3]

Finally, Lahiri argues that Defendants failed to comply with Local Rule 7–17, which governs the "resubmission of motions previously acted upon." Specifically, when Defendants filed their Motion for Summary Judgment before a new judge, they failed "to file and serve a declaration setting forth the material facts and circumstances as to each prior motion, including the date and judge involved in the prior motion, the ruling, decision, or order made, and the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion." (Opp'n at 7 n. 4.) (citing Local Rule 7–17.)

Although failure to comply with Local Rule 7–17 "shall be the basis for setting aside any order made on such subsequent motion, either *sua sponte* or on motion or application," *Id.,* the Court will not invoke the Rule to bar Defendants' motion. The Court was well aware that this motion had already been acted upon by another judge when it directed Defendants to resubmit their motion. Accordingly, Defendants' failure to file a declaration is excused. The Court now turns to the merits of Defendants' motion.

### C. *Lahiri Does Not Own the Copyright in Thoda*

 Defendants contend that "as a matter of law, Plaintiff Bappi Lahiri has never owned and does not own the copyright in *Thoda* [because he was engaged by Pramod to compose and produce the song for its film, *Jyoti* ]." (Mot. at 1.) Thus, Defendants argue, Lahiri "lacks standing to maintain his copyright infringement claim,

---

**3.** The Court's prior decision was clearly erroneous. *See U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997)(citing *Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir.1993)).

and this Court lacks subject matter jurisdiction over that claim." (*Id.*) The Court agrees.

### 1. Copyright Ownership Under the Indian Copyright Act

■ The resolution of this motion turns on the holding of the Supreme Court of India in *Indian Performing Rights Society Ltd. v. East Indian Motion Picture Association and Others*, A.I.R.1977 S.C. 1443 (*"IPRS"*).[4] In *IPRS*, the Court tackled "the following substantial question of law of general importance: Whether in view of the provisions of the [Indian] Copyright Act, 1957, an existing and future right of [a] music . . . composer [or] lyricist is capable of assignment and whether the producer of a cinematograph film can defeat the same by engaging the same person." *IPRS*, ¶ 1.

After setting out the facts of the case and the applicable provisions of India's Copyright Act ("Copyright Act"), the Court announced two distinct rules.[5] First, pursuant to Sections 13 and 14 of the Copyright Act, "[o]nce the author of a lyric or musical work parts with a portion of his copyright by authorizing a film producer to make a cinematograph film in respect of his work . . . the latter acquires . . . a copyright which gives him the exclusive right, *inter alia*, of performing the work in public. [ . . . ] The composer of a lyric or musical work, however, retains the right of performing it in public for profit other than as a part of the cinematograph work." *Id.*, ¶ 15. Second, and dispositive of the matter before this Court, "[i]t is [ ] crystal clear that the right of a music . . . composer or lyricist can be defeated by the producer of a cinematograph film in the manner laid down in provisos (b) and (c) of Section 17 of the Act."[6] *Id.*, ¶ 17.

The Court concluded by affirming this decision from the lower court: "[U]nless there is a contract to the contrary, a composer who composes a lyric or music for the first time for valuable consideration for a cinematograph film does not acquire any copyright either in respect of [the] film or its *sound track* . . . and that under proviso (b) to Section 17 of the Act, the owner of the film, at whose instance the composition is made, becomes the *first owner of the copyright in the composition*." *Id.*, ¶¶ 4, 18 (emphasis added).

### 2. Thoda Was Made for Valuable Consideration at the Instance of Pramod

Lahiri does not dispute that he (allegedly) composed and produced *Thoda* for *Jyoti* pursuant to a two-page agreement with Pramod, the producer of the film. (Pl's RUF, 7,[7] Opp'n at 2; Goldman Decl., Exh.

---

4. Initial ownership of a copyrighted work is determined by the laws in the work's country of origin. *See Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 89 (2nd Cir.1998). Because *Thoda* was created in India, that country's copyright laws are applied to determine initial ownership.

5. As further discussed below, Lahiri restricts his argument to the first principle, although the *second* is controlling.

6. Section 17 provides:

Subject to the provisions of this act, the author of a work shall be the first owner of the copyright therein: Provided that—(b) . . . in the case of a . . . cinematograph film made, for valuable consideration at the instance of any person, such person shall, in the absence of any agreement to the contrary, be the first owner of the copyright therein; (c) in the case of a work made in the course of the author's employment under a contract of services òr apprenticeship . . . the employer shall, in the absence of any agreement to the contrary, be the first owner of the copyright therein . . . .

7. The Court cites to Plaintiff Bappi Lahiri's Response to Defendants' Statement of Uncontroverted Facts.

2.) In the agreement, Lahiri agreed "to work as Music Director in any one of [Pramod's] forthcoming films" and to "compose music for the said film including background music." (Order of July 15, 2004 at 3–4; Goldman Decl., Exh. 2.) In consideration, Pramod agreed to pay Lahiri 30,000 Rupees and to credit him as the Music Director in all advertising materials. (*Id.*)

This agreement undoubtedly brings the ownership of *Thoda* within the ambit of Section 17(b) of the Copyright Act.[8] Accordingly, whatever copyright Lahiri could have realized in *Thoda* was defeated by Pramod when it engaged him to compose the song for *Jyoti. See IPRS*, ¶¶ 17, 4 ("It is crystal clear that the right of a music ... composer or lyricist can be defeated by the producer of a cinernatograph film in the manner laid down in provisos (b) and (c) of Section 17 of the Act." And, "the owner of the film, at whose instance the composition is made, becomes the first owner of the copyright in the composition.")

### 3. Lahiri's Arguments in Opposition

Lahiri offers several arguments in opposition. First, Lahiri argues that the Indian Supreme Court recognized "a dual copyright; one in [ ] each component part of the film (such as Lahiri's composition), which remains with the composer, and the other in the film as a whole (which belongs to the producer)." (Opp'n at 16–21.) As mentioned above, however, this argument goes only to the first part of the Court's decision in *IPRS,* and completely ignores the "core of the question." *Id.,* ¶ 17 ("[N]amely, whether the producer of a cinematograph film can defeat the right of the composer of music ... or lyricist by engaging him").[9] The Court's answer to this question made it "crystal clear" that any copyright Lahiri could have realized in *Thoda* was defeated by Pramod when it engaged him to compose the song for *Jyoti.*

Second, Lahiri argues that Section 17(b) does not apply "where a composer is engaged, not to create any of the works (artistic or cinematographic) specified in said provision, but for composing musical works, as the latter category of work is not specifically included in proviso (b) to Section 17." (Opp'n at 18.) This argument fails to appreciate that "cinematograph film," which *is* specifically included in Section 17(b), is defined to include the soundtrack of the film. *See IPRS,* ¶ 9; Indian Copyright Act, Section 2(f). More importantly, however, Lahiri's argument again ignores the Supreme Court's decision in *IPRS,* which expressly and resoundingly disavows Lahiri's position. *IPRS,* ¶¶ 4, 17, 18.

Third, Lahiri argues that he "is the copyright owner of the sound recording of 'Thoda' used by Defendants in 'Addictive' since he was the producer of that sound recording under Indian law." (Opp'n at 23.) This argument also fails. Even if Lahiri is indeed the "producer" of the

---

8. Again, Section 17(b) provides: "in the case of a ... cinematograph film [including its soundtrack (Copyright Act Section 2(f))] made, for valuable consideration at the instance of any person, such person shall, in the absence of any agreement to the contrary, be the first owner of the copyright therein."

9. Lahiri's argument is consistent with the first part of the Court's analysis in *IPRS,* such that a dual copyright arises when the "author

(composer) of a lyric or musical work [authorizes] a cinematograph film producer to make a cinematograph film of his composition ...." *IPRS,* ¶ 15. But Lahiri did not grant Pramod "a license or permission" to use *Thoda* in *Jyoti* (Opp'n at 19; *IPRS,* ¶ 8.). Rather, Pramod engaged Lahiri to compose the song for the film, bringing this case within the ambit of Section 17(b) and the second part of the Supreme Court's holding in *IPRS.*

sound recording of *Thoda*—and its "author" under Section 2(d) of the Copyright Act—his claim to copyright ownership is still extinguished by Section 17(b). This section does not distinguish between "composition" and "sound recording;" it simply provides that when one person engages another to make a "cinematograph film," which includes the soundtrack, the person engaging the other becomes the owner of the copyright.[10]

Finally, the Court notes that Lahiri's copyright registration in *Thoda*, his reliance on the concurring Justice's opinion in *IPRS*, and his agreement with Saregama are also unavailing. Lahiri's copyright registration, which would ordinarily raise a presumption of copyright ownership under American law, is irrelevant here—as ownership is determined according to India's copyright law. Nevertheless, any such presumption has been rebutted by India law, as discussed by the Supreme Court in *IPRS*, and Saregama's conflicting claim of ownership. Further, Lahiri's reliance on the concurring Justice's opinion in *IPRS* is also misplaced, as the Justice himself acknowledged that his opinion is "otiose." *IPRS*, ¶ 19. Lahiri's agreement with Saregama is likewise otiose because it does not affect *Thoda's* copyright ownership,

but merely purports to apportion the anticipated recovery in this case.

### 4. Lahiri and Pramod Did Not Agree Otherwise

Section 17(b) provides that the person at whose instance a composition is made for a film becomes the first owner of the copyright "in the absence of any agreement to the contrary." In this case, Lahiri has not proffered any agreement reserving his copyrights in *Thoda*. Moreover, Lahiri's contention that he reached an oral agreement with Pramod reserving his copyrights is dubious.

First, Lahiri testified in his deposition that he did not remember the terms of his agreement with Pramod. (Goldman Decl., Exh. 7 at 68:24–70:15.) Lahiri also testified that he did not recall any of the conversations he had with anyone at Pramod films regarding *Jyoti*.[11] (*Id.* at 254:12–255:22.) Second, even if Lahiri did in fact reach an oral agreement with Pramod, such agreement is insufficient to secure his alleged copyrights in *Thoda*.

Defendants argued in their moving papers that any agreement "to the contrary" must be in writing. (Mot. at 14–15 n. 9.) Lahiri did not dispute this contention in

---

**10.** Lahiri's argument that he retained the copyright in the sound recording is simply unfounded. There is nothing in Section 17(b) to support Lahiri's interpretation. To the contrary, this section deals, among other things, with "cinematograph film," which is defined to include the sound recording of the film. Additionally, Lahiri's reliance on *Gee Pee v. Pratik Chowdhry and Others*, G.A. No. 2756 of 2001 and C.S. No. 356 of 2001, is unavailing. *Gee Pee* did not involve film music or otherwise implicate Section 17(b), and Lahiri's suggestion to the contrary is misleading.

**11.** Lahiri's deposition testimony is equivocal on the issue of the alleged oral agreement with Pramod. However, even when Lahiri does contend that he reached an agreement

with Pramod, his contention seems to be based on his interpretation of Indian law, not the facts of the case. *See, e.g.*, (Goldman Decl., Exh. 7 at 297:19–298:4.) ("Do you remember discussing with Pramod Chakaravorty that you would keep the copyright to the music in *Jyoti*? Definitely, because this is the agreement I have shown. Like this agreement. Pramod is keeping this soundtrack with Saregama and I have … with the film, and I am keeping this copyright of mine."). To the extent decipherable, Lahiri's testimony does not suggest that he in fact reached an agreement with Pramod, but that he construes his existing agreement as conferring upon him some copyright in *Thoda*. As discussed above, Lahiri's position misapprehends India's copyright law.

his Opposition. In fact, Lahiri's counsel conceded at the hearing that an agreement to the contrary must be in writing. (*See* July 2, 2007 Transcript.) ("I do not believe [ ] that under Indian law a verbal agreement to transfer a copyright is valid. So that is not the basis of our argument.") Accordingly, the Court finds that Lahiri has failed to raise a genuine issue as to the existence of an agreement to the contrary.

## III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment as to Lahiri's copyright ownership is GRANTED.

IT IS SO ORDERED.