FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BAPPI LAHIRI, an individual;
SAREGAMA INDIA LIMITED,
         *Plaintiffs,*

ANTHONY KORNARENS, Esquire,
         *Movant-Appellant,*

v.

UNIVERSAL MUSIC AND VIDEO
DISTRIBUTION CORPORATION, a
Delaware corporation; INTERSCOPE
RECORDS, a corporation;
AFTERMATH RECORDS, a business
entity form unknown; ANDRE
RAMELLE YOUNG,
         *Defendants-Appellees.*

No. 09-55111

D.C. No.
2:02-cv-08330-
ODW-CT

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted
April 9, 2010—Pasadena, California

Filed June 7, 2010

Before: Harry Pregerson and Robert R. Beezer,
Circuit Judges, and Suzanne B. Conlon,* District Judge.

Opinion by Judge Conlon

*The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

8127

**COUNSEL**

Curtis A. Cole, Matthew Levinson, Cole Pedroza, LLP, Pasadena, California, for the movant-appellant.

Russell J. Frackman, Mitchell Silberberg & Knupp, LLP, Los Angeles, California, Jeffrey D. Goldman, Loeb & Loeb, LLP, Los Angeles, California, for the defendants-appellees.

---

**OPINION**

CONLON, District Judge:

Anthony Kornarens is an attorney specializing in copyright law. Kornarens was severely sanctioned by the district court for his five-year bad faith pursuit of a frivolous copyright infringement claim. In its 21-page order, the district court awarded defendants $247,397.28 in attorneys' fees and $10,808.76 in costs, under 28 U.S.C. § 1927[1] and the court's inherent sanctioning power. Kornarens appeals, contending the sanctions were unwarranted and excessive.[2] We disagree and affirm.

I

We have jurisdiction under 28 U.S.C. § 1291. A district court's imposition of sanctions is reviewed for abuse of discretion, and its findings of fact for clear error. *Pac. Harbor*

---

[1]28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

[2]Kornarens' client, plaintiff Bappi Lahiri, appealed the district court's summary judgment order in defendants' favor (*Lahiri v. Universal Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172 (C.D. Cal. 2007)), but voluntarily dismissed the appeal.

*Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). An attorney who unreasonably and vexatiously "multiplies the proceedings" may be required to pay the excess fees and costs caused by his conduct. 28 U.S.C. § 1927. Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107-08 (9th Cir. 2002) (attorney's knowing and reckless introduction of inadmissible evidence was tantamount to bad faith and warranted sanctions under § 1927 and the court's inherent power); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001) (attorney's reckless misstatements of law and fact, combined with an improper purpose, are sanctionable under the court's inherent power).

The parties dispute whether a bad faith finding must be supported by clear and convincing evidence. This court has not addressed the burden of proof required for a sanctions award. *See, e.g., In re Lehtinen*, 564 F.3d 1052, 1061 n.4 (9th Cir. 2009) (declining to address burden because clear and convincing evidence of misconduct supported bad faith finding and imposition of sanctions under the court's inherent authority); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1143 n.11 (9th Cir. 2001) (same). The burden of proof issue need not be resolved here because the district court's bad faith finding is supported by clear and convincing evidence.

## II

Kornarens represented Bappi Lahiri, who in 1981 composed the song *Thoda* for an Indian movie. Lahiri composed *Thoda* for compensation under an agreement with the film's producer, Pramod Films. The parties agreed the law of India controls the underlying copyright issues. Under Indian law, Pramod Films, not Lahiri, owned the *Thoda* copyright as a work for hire. Pramod Films later assigned its *Thoda* rights to Saregama India Limited ("Saregama").

Twenty-one years later, Kornarens filed suit on Lahiri's behalf, claiming defendants Universal Music & Video Distribution Corporation, Interscope Records, Aftermath Records and Andre Ramelle Young ("defendants") used unauthorized excerpts of *Thoda* in violation of the Lanham Act, 15 U.S.C. § 1125(a), and engaged in unfair competition under parallel California law for failure to credit Lahiri's authorship. Kornarens, a copyright specialist, did not include a copyright infringement claim in the original complaint.

Three months later the Supreme Court granted *certiorari* in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 537 U.S. 1099 (2003). The central issue in *Dastar* was whether Lanham Act false designation claims were limited to producers of tangible goods, and excluded Lanham Act protection for authors of ideas, concepts or communications embodied in the goods. An adverse decision by the Supreme Court would clearly jeopardize Lahiri's Lanham Act and parallel unfair competition claims.

Three months after the Supreme Court granted *certiorari* in *Dastar*, Lahiri registered a copyright in *Thoda* with the United States Copyright Office. On June 2, 2003, the Supreme Court issued its opinion limiting Lanham Act false designation claims to producers of tangible goods. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). Three weeks later, Kornarens amended Lahiri's complaint to add a *Thoda* copyright infringement claim under the United States copyright issued a few months earlier. This became Lahiri's sole claim on August 15, 2003, when the district court dismissed his Lanham Act and parallel unfair competition claims under *Dastar*.

Meanwhile, based on Pramod Films' assignment of the *Thoda* copyright, Saregama sued defendants for infringement. Lahiri and Saregama's lawsuits, asserting conflicting claims of a *Thoda* copyright, ultimately were consolidated before the United States District Court for the Central District of Califor-

nia. Defendants moved to stay the consolidated cases and proposed to submit the competing copyright ownership claims by Lahiri and Saregama to an Indian court for resolution. Alternatively, defendants moved for summary judgment against Lahiri on the ground that he did not own a valid copyright in *Thoda*; defendants argued that Saregama owned the copyright under Indian law. Lahiri and Saregama filed cross-motions for summary judgment on their conflicting claims to ownership of a *Thoda* copyright.

After the district court requested supplemental briefing on whether the consolidated cases should be stayed, Kornarens submitted an agreement that he mischaracterized as resolving the issue of copyright ownership between Lahiri and Saregama, purporting to moot the need for a stay and the cross-motions for summary judgment between Lahiri and Saregama. The district court credited Kornarens' characterization of the agreement as resolving conflicting copyright ownership claims. Contrary to Kornarens' representations, Lahiri and Saregama agreed to a 30/70% (respectively) split of any copyright infringement recovery from defendants, and the agreement explicitly referred to co-ownership of the *Thoda* copyright only for purposes of these consolidated cases. Relying on the purported co-ownership settlement agreement, the district court erroneously concluded Lahiri was the co-owner of the *Thoda* copyright. This error resulted in the denial of defendants' summary judgment motion against Lahiri predicated on the meritorious contention Lahiri lacked a copyright interest in *Thoda*. Defendants' argument that Saregama owned the *Thoda* copyright under Indian law was rejected by the district court without analysis. Contentious litigation ensued for three more years, resulting in an additional 233 docket entries and three rounds of trial preparation.

On August 9, 2007, the district court granted defendants' renewed summary judgment motion against Lahiri. After a thorough analysis, the district court concluded Lahiri did not have a copyright interest in *Thoda* under Indian law. *Lahiri v.*

*Universal Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172 (C.D. Cal. 2007).[3] Defendants then moved for $800,752.00 in attorneys' fees and $93,787.44 in costs under § 1927 and the court's inherent authority to sanction attorney misconduct. The sanctions issues were fully briefed and the district court held a hearing before issuing its detailed 21-page order granting defendants' motion, but substantially reducing the award defendants sought.

## III

**[1]** Kornarens argues the district court abused its discretion by sanctioning him for knowingly and recklessly pursuing a frivolous copyright infringement claim and litigating that claim in bad faith. The record supports the district court's findings and imposition of sanctions. The parties agreed that resolution of *Thoda's* ownership is governed by the Indian Copyright Act, 1957, and the Indian Supreme Court's interpretation of the act in *Indian Performing Right Soc'y Ltd. v. E. Indian Motion Pictures Ass'n and Others* ("*IPRS*"), A.I.R. 1977 S.C. 1443. Unequivocally, the law of India vests a copyright in a movie score composed for compensation in the film company; the composer has no copyright interest absent an agreement to the contrary. Had Kornarens, a self-described experienced copyright lawyer, made even a cursory investigation into the circumstances of Lahiri's 21-year old composition of *Thoda*, he would have known Lahiri had no copyright interest in music he composed for hire.

On appeal, Kornarens argues he reasonably relied on an expert in Indian law, as well as his unsupported assertion that Lahiri represented he owned the *Thoda* copyright. The district court did not abuse its discretion in rejecting similar arguments. The law of India is straightforward and the *IPRS* decision is in English. Indeed, there is nothing legally remarkable

---

[3]After summary judgment was entered against Lahiri, defendants quickly settled with Saregama.

or unique about applicable Indian law that would reasonably require expert advice. Generally, a composer who creates a film score for hire forfeits a copyright interest in his work. *See, e.g.,* 17 U.S.C § 101 (a work made for hire includes a work specially ordered or commissioned for use as part of a motion picture if the parties expressly agree in a signed, written instrument that the work shall be considered a work made for hire), § 201(b) (the employer or other person for whom the work made for hire was prepared owns the copyright unless the parties expressly agree otherwise in a signed, written instrument); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140-43 (9th Cir. 2003) (composer of television series music for hire did not own copyright in the music).

**[2]** Kornarens attempted to justify his untenable interpretation of Indian copyright law by misrepresenting the *IPRS* decision: he cited the immaterial concurring opinion as the Indian Supreme Court's holding. He repeatedly misquoted *Gee Pee Films, Pvt. Ltd. v. Pratik Chowdhury and Others,* G.A. No. 2756 of 2001 and C.S. No. 356 of 2001, for the proposition that a film producer does not have a copyright interest in songs that it commissions. *Gee Pee* expressly involved *non-film* music. Kornarens inserted the parenthetical "(film company)" into a quotation from *Gee Pee* to support his misrepresentation the case involved Indian film music. The district court did not abuse its discretion in concluding Kornarens' misrepresentations of Indian law evidenced his bad faith and recklessness in pursuing Lahiri's copyright claim.

**[3]** Kornarens now concedes his written submissions to the district court contained "mistakes." However, viewed in the context of the history of this litigation, the court did not abuse its discretion in finding that Kornarens acted recklessly and in bad faith in pursuing a frivolous copyright claim for five years. Kornarens' amended complaint asserted a contrived United States copyright claim created by registration of a 21-year old composition after his Lanham Act and unfair compe-

tition claims were placed in jeopardy by the Supreme Court's grant of *certiorari* in *Dastar*. Lahiri composed *Thoda* for a film produced in India, under an agreement with an Indian film producer for financial compensation. Pursuit of a copyright claim without inquiring whether Lahiri composed *Thoda* for hire would be reckless under the laws of either India or the United States. The district court did not err in its factual findings or abuse its discretion in concluding that Kornarens' repeated misrepresentations of Indian copyright law clearly evidenced his recklessness and bad faith.

**[4]** After the sanctions motion was filed and the district court's decision was impending, Kornarens attempted to cause the judge's recusal by retaining the judge's former law firm to defend him against the sanctions motion. The district court's consideration of this manipulative tactic as evidence of bad faith was not an abuse of discretion. The district court reasonably inferred that Kornarens' intent was to have the case assigned to a new judge who would be unfamiliar with the protracted history of this litigation.[4]

Kornarens contends the initial denial of summary judgment precludes imposition of sanctions because the decision "placed [the district court's] imprimatur of propriety" on Lahiri's copyright claim. The record strongly suggests otherwise. The summary judgment denial was predicated on Kornarens' misleading submission of the Lahiri-Saregama settlement as purportedly recognizing Lahiri as the co-owner of the copyright; the agreement only applied "ownership" to a split of an anticipated recovery in this litigation. The record demonstrates Kornarens misled the district court by use of a settlement agreement that deceptively used ownership language, but did not convey or recognize co-ownership of *Thoda*. In any case, a court may revisit prior decisions in a

---

[4]Over the five-year history of this litigation, three different judges of the United States District Court for the Central District of California were assigned to this case.

case and correct errors while the case is still pending. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Similarly, Kornarens' argument that he acted in good faith reliance on the settlement agreement in his continued pursuit of Lahiri's copyright claim is frivolous, given the restrictive language of a document Kornarens himself submitted to the district court.

**[5]** Kornarens argues that no single instance of misconduct cited by the district court justified the imposition of sanctions. Kornarens ignores the record. The district court's bad faith finding was based on the cumulative effect of his litigation conduct for more than five years. Clear and convincing evidence supports the district court's conclusion that Kornarens acted recklessly and in bad faith and his conduct caused unreasonably protracted and costly litigation over a frivolous copyright claim. Accordingly, sanctions were not an abuse of discretion.

IV

Kornarens challenges the reasonableness of the $258,206.04 award. He suggests that if the imposition of sanctions is upheld, the amount should not exceed $21,310.26. However, the district court's sanctions order explains in detail its reduction of defendants' claimed $894,539.44 in attorneys' fees and costs. The award is explicitly limited to excess costs and fees incurred in defending against Lahiri's copyright infringement claim, and excludes litigation expenses for his dismissed Lanham Act and unfair competition claims. The award therefore excludes all fees and costs incurred before September 1, 2003.

**[6]** The district court used a traditional lodestar analysis of defendants' contemporaneous billing records. Because defendants used single entries for tasks pertaining to both Saregama and Lahiri's consolidated copyright claims, the district court apportioned only half of the billings to Lahiri. This was a con-

servative approach. The record reflects that Kornarens initiated most of the litigation activity resulting in defendants' excessive fees and costs. An apportioned percentage is not an abuse of discretion because it would be impossible to determine with mathematical precision the fees and costs generated only by Kornarens. *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 834-35 (9th Cir. 2003); *Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 185 (9th Cir. 1996).

**[7]** The district court reviewed samples from the fee application and calculated an 80% block billing rate. The district court identified attorneys and paralegals who were primarily responsible for block billing, and reduced 80% of their billable hours by 30%. This was permissible and not an abuse of discretion. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citing California State Bar's Committee on Mandatory Fee Arbitration's report that block billing may increase time by 10 to 30%). The district court further excluded fees incurred because of court-requested supplemental information and made an additional 10% across-the-board reduction for excessive and redundant work. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This was a reasoned exercise of discretion.

In reducing defendants' recovery of costs by $82,978.68, the district court carefully excluded inadequately documented costs, as well as taxable costs not included in defendants' bill of costs. The significantly reduced award of recoverable costs was reasonable and not an abuse of discretion.

V

**CONCLUSION**

**[8]** The district court's authority to sanction attorneys under § 1927 and its inherent disciplinary power must be exercised with restraint and discretion. The record demonstrates by clear and convincing evidence that Kornarens

engaged in a pattern of bad faith litigation conduct over an extended time period. He pursued a meritless copyright infringement claim that directly resulted in excess fees and costs. Beyond question, Kornarens acted recklessly. The district court did not abuse its discretion in awarding reasonable and carefully considered attorneys' fees and costs.

**AFFIRMED.**