**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  FISHER FINANCIAL & INVESTMENT LLC, | No. 09-60035 |
| Debtor, | BAP No. 09-1099-RmoPa |
| ROBERT E. SCOTT, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| SUE KRUSE; NATIONAL INSURANCE & PROTECTION, INC., | |
| Appellees, | |
| _, | |
| MICHAEL FISHER; R.D. FINANCIAL SERVICES. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Riegle, and Montali, Bankruptcy Judges, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 5, 2011
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Attorney Robert Scott appeals sanctions imposed against him by the bankruptcy court. The Ninth Circuit Bankruptcy Appellate Panel ("BAP") upheld the sanctions as an appropriate exercise of the court's inherent power. We affirm.

**1.** A bankruptcy court may only impose sanctions pursuant to its inherent power upon a finding of "bad faith," or conduct tantamount to bad faith. *In re Lehtinen*, 564 F.3d 1052, 1061 (9th Cir. 2009). "Bad faith" encompasses a wide range of willful conduct, including "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

We agree with the BAP that the bankruptcy court necessarily found Scott's conduct was tantamount to bad faith, and that the record supports that bad faith finding. *See In re Lehtinen*, 564 F.3d at 1061 (acknowledging an implied finding of bad faith where bankruptcy court described conduct as "outrageously improper, unprofessional and unethical").

The bankruptcy court found that Scott acted for an improper purpose, based, in part, on the "highly suspect" timing of the removal: It was filed "days before

the hearing on a sanctions motion against the removing parties for which the removing parties had filed no opposition papers," forcing the state court proceedings off calendar and strongly suggesting Scott acted to delay the state court proceedings. Moreover, Scott failed to attach the required state court papers with the notice of removal, providing the court a misleading picture of the nature of the state court action.

The bankruptcy court's statements at the sanctions hearing confirm it found Scott's conduct was tantamount to bad faith: It stated the notice of removal was intended to "delay the sanction hearing, without any basis whatsoever," and described Scott's actions as "outrageous," and done "for a totally improper motive." *See In re Lehtinen*, 564 F.3d at 1061 (evaluating evidence adduced at a sanctions hearing as support for a bankruptcy court's implied finding of bad faith).

We also agree with the BAP that the notice of removal was frivolous. The debtor represented in its bankruptcy schedules that it had no assets, the state court proceedings were stayed against the debtor, and the trustee of the debtor's estate gave no indication that the state court action might otherwise affect the estate. Scott never articulated a plausible argument why the bankruptcy court could have had jurisdiction over the state proceedings in spite of those circumstances.

It was therefore not an abuse of discretion for the bankruptcy court to find Scott's notice of removal frivolous and filed in bad faith to delay the state court proceedings, thereby warranting the imposition of sanctions. *See Lahiri v. Universal Music & Video Distrib.*, 606 F.3d 1216, 1221–22 (9th Cir. 2010) (holding that an attorney's misrepresentations and manipulative tactics, unnecessarily protracting the proceedings, warranted the imposition of sanctions under the court's inherent power); *In re Silberkraus*, 336 F.3d 864, 871 (9th Cir. 2003) (holding that filing a bankruptcy petition days before an important state court deadline amounted to "bad faith," and upholding sanctions under Rule 9011); *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 285 (9th Cir. 1996) (approving sanctions imposed pursuant to a bankruptcy court's inherent powers where a party, in bad faith, signed a misleading document later submitted to the court).

**2.** We also agree with the BAP that Scott's due process rights were not violated. He received "advance notice of exactly which conduct was alleged to be sanctionable, and [was] furthermore aware that [he] stood accused of having acted in bad faith." *In re Lehtinen*, 564 F.3d at 1060 (quotation omitted).

Months before the sanctions hearing, counsel for National Insurance & Asset Protection, Inc. ("NIAP") advised Scott in writing that sanctions would be sought on the basis of the "defective notice of removal." A few days later, when serving

-4-

its proposed motion for sanctions, NIAP informed Scott it planned to contend that the notice of removal was filed for an improper purpose, as it was calculated to delay the state court proceedings. Moreover, in its reply to Scott's opposition to the sanctions motion, NIAP urged the bankruptcy court to impose sanctions under either Bankruptcy Rule 9011 "or under its inherent power."

Scott was provided additional notice at the hearing on the motion to remand, held nearly two months prior to the hearing on the sanctions motion. The bankruptcy court expressed its serious suspicions of Scott's conduct, noting that the "timing of [the notice of removal] is very difficult to ignore;" the circumstances of the removal caused "red lights" to go on; and the court got the "impression . . . there's something else going on and it's not something that's a good thing."

NIAP's filings and the court's comments provided Scott adequate notice that his notice of removal was alleged to be sanctionable and his actions alleged to be conducted in bad faith. *See In re Deville*, 361 F.3d 539, 549–50 (9th Cir. 2004) (holding that adequate notice was given where the court expressed its suspicions of the disputed conduct prior to imposing sanctions, even though the court failed to specify in advance that its inherent power would be the basis for the sanctions). Moreover, Scott had ample opportunity to refute the allegations at the sanctions hearing. *See F.J. Hanshaw Enters. v. Emerald River Dev., Inc.*, 244 F.3d 1128,

1143–44 (9th Cir. 2001) (acknowledging no due process violation occurred where the sanctioned party was put on notice of the possibility of sanctions and had an opportunity to be heard at a sanctions hearing). The bankruptcy court, therefore, did not violate Scott's due process rights.

**AFFIRMED.**