FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 07 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY MCCONNELL, and on behalf of her four minor children, A.B., A.B., J.M., and J.M., <br><br>           Plaintiff - Appellant, <br><br>  v. <br><br> LASSEN COUNTY, California, a political subdivision of the state of California; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE, and JACK HANSON, Board of Supervisors; TERRY CHAPMAN and LOEL GRIFFITH, Social Workers, Department of Child Protective Services of Lassen County; KIM BELSHE, Director of California Department of Health Services; BARBARA COY; ENVIRONMENTAL ALTERNATIVES, <br><br>           Defendants - Appellees. | No. 10-16023 <br><br> D.C. No. 2:05-cv-00909-FCD-DAD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 13, 2011
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District Judge.**

Plaintiff-Appellant, Amy McConnell (McConnell), individually and on behalf of her four minor children, appeals the district court's orders granting summary judgment in favor of defendant-appellee, Environmental Alternatives (EA), and imposing sanctions against her attorneys.

1.      The district court did not err in granting summary judgment in favor of EA. McConnell failed to raise a material issue of fact regarding EA's purported breach of duty.  Indeed, it was not foreseeable that molestation would occur in the foster home.  *See J.L. v. Children's Institute, Inc.*, 177 Cal. App. 4th 388, 396 (2009) (noting the lack of "duty to protect the plaintiff from unforeseeable third party criminal conduct") (citations omitted).

---

**      The Honorable Cormac J. Carney, District Judge for the United States District Court, Central District of California, sitting by designation.

**2.** The district court acted within its discretion in allocating the burden of production for admission of the letter from one of the caseworkers. Parties seeking the admission of evidence bear the burden of showing its admissibility. *See Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385 (9th Cir. 2010). Because McConnell sought admission of the letter, the district court properly placed the burden of authentication on her. *See id.*

**3.** Neither did the district court abuse its discretion by imposing sanctions on McConnell's attorneys. A court may impose sanctions on attorneys who display recklessness or bad faith. *See* 28 U.S.C. § 1927; *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). At a minimum, McConnell's attorneys acted recklessly. They were warned several times during the course of the litigation that the authenticity of the letter was questionable.

**AFFIRMED**.