NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMIL CADKIN, an individual and as Trustee of the Cadkin Trust,<br><br>        Plaintiff - Appellant,<br><br>  and<br><br>LILA CADKIN, as Trustee of the CADKIN TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>LEONA BLUESTONE; ESTATE OF HARRY BLUESTONE; BLUESTONE TRUST; CB MUSIC; BLUE RIVER MUSIC; BROADCAST MUSIC, INC; AMERICAN SOCIETY OF COMPOSERS, AUTHORS & PUBLISHERS,<br><br>        Defendants,<br><br>  and<br><br>CARLIN PRODUCTION MUSIC; CARBERT MUSIC, | No. 11-56352<br><br>D.C. No. 2:06-cv-00034-ER-CW<br><br>**MEMORANDUM**[*] |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted February 11, 2013[**]
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **KLEINFELD** and **SILVERMAN**, Circuit
Judges.

**1.**  Emil Cadkin brought his motion to set aside the award of attorneys' fees long after the one-year period for filing such motions had expired.  See Fed. R. Civ. P. 60(b)(3), (c).  He may not circumvent the limitations period for motions alleging fraud by bringing his motion under the catchall provision in Rule 60(b)(6) instead.  See Lyon v. Agusta S.P.A., 252 F.3d 1078, 1088–89 (9th Cir. 2001).

**2.**  Cadkin's Rule 60(b) motion was long out of time, contained frivolous allegations of fraud on the court and impugned the integrity of opposing counsel. The district court did not abuse its discretion in awarding Carlin Production Music the attorneys' fees it incurred opposing both the Rule 60(b) motion and the motion for reconsideration.  See Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996).

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

**3.** The district court's finding that Marty O'Toole proceeded in bad faith by making "repeated indefensible attacks on the fee award" was not clear error, nor was its order that O'Toole personally satisfy a portion of the attorneys' fees an abuse of discretion.  See Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1218–19 (9th Cir. 2010).

**AFFIRMED.**