

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MILLER, | No. 11-17679 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:09-cv-00905-JCM-RJJ |
| v. | MEMORANDUM[*] |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY; et al., | |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 10, 2013
San Francisco, California

Before: RIPPLE,[**] FERNANDEZ, and CALLAHAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

James Miller appeals the district court's judgment imposing sanctions in the form of attorneys' fees for bad faith litigation conduct, specifically, nondisclosure to the court of a relevant bankruptcy action and subsequent discharge. We have jurisdiction under 28 U.S.C. § 1291, and we now affirm.

**1.**

Mr. Miller raises two arguments on appeal. However, in the district court, he presented neither point in response to the defendants' motion for sanctions. He raised them in the district court only on a motion to reconsider the imposition of sanctions. The district court declined to reconsider its decision because Mr. Miller "had ready access to" the evidence that he had submitted with the motion to reconsider "when opposing the motion for sanctions" in the first instance.[1]

We agree with the district court that Mr. Miller's late arguments did not require reconsideration. Not only did he fail to raise these arguments when the motion for sanctions was ready for decision in the district court, but the arguments that Mr. Miller originally had made in opposing sanctions <u>conceded</u> that he had

---

[1] Although the district court was unpersuaded that the evidence submitted was material, given that the scheduled debt was unrelated to the present action, it ultimately based its denial of reconsideration on the failure to present evidence that was "new" as grounds to reconsider.

failed to disclose the bankruptcy in this litigation <u>and</u> that he had failed to disclose this litigation in the bankruptcy proceedings. He had argued simply that his conduct in these nondisclosures did not amount to bad faith. Mr. Miller therefore waived the arguments against sanctions he advanced on reconsideration and before this court.

Mr. Miller now argues that there is no waiver because the defendants committed a fraud on the court. He contends that the defendants misrepresented their prior knowledge of the bankruptcy proceeding in their motion for sanctions. Indeed, he alleges that the defendants themselves are guilty of bad faith conduct for their pursuit of this action because, according to Mr. Miller, they have had actual knowledge of the bankruptcy proceeding since July 2009. We cannot accept this argument. Mr. Miller relies only on <u>his own bankruptcy schedules</u> from 2009 to prove actual knowledge on the part of the defendants. The bankruptcy schedules included as a potential creditor "American Family Insurance" in respect of a repossessed trailer, but did not include either the defendants in the current action in their proper names or any reference to the current lawsuit, whether as a debt or an asset. Assuming for the moment that these schedules establish the defendants' prior knowledge, they have been available to Mr. Miller throughout this litigation and were certainly available to him at the time he responded to the motion for

sanctions. In fact, the defendants submitted the very bankruptcy schedules at issue as an exhibit to their motion for summary judgment and sanctions. Mr. Miller's contention that the defendants misstated the contents of those schedules, even if true, does not explain his own failure to note timely the alleged misstatement and to raise it as a defense to the award of sanctions in the first instance.

The district court, therefore, did not err in determining that Mr. Miller's arguments did not merit revision of the prior order on sanctions, given that they were presented for the first time on a motion for reconsideration.

## 2.

Even if we were to disregard the waiver, Mr. Miller's arguments would fail on the merits. "A district court's imposition of sanctions is reviewed for abuse of discretion, and its findings of fact for clear error." Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1218 (9th Cir. 2010).

### a.

Mr. Miller acknowledges that the district court has the inherent power to impose sanctions for bad faith conduct by litigants. See generally Chambers v. NASCO, Inc., 501 U.S. 32, 46-51 (1991). He nevertheless contends that the

district court erred in imposing sanctions in this case because, in his view, the record does not support the requisite finding of bad faith. See Lahiri, 606 F.3d at 1219; B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002). Mr. Miller contends that the defendants had actual notice of the bankruptcy, and, therefore, it is the defendants who have acted in bad faith.

Mr. Miller's notice argument misunderstands the district court's order. He was not sanctioned for failing to disclose this action in the bankruptcy proceeding; he was sanctioned for failing to take appropriate actions in this litigation, given his bankruptcy. Whether notice was technically sufficient for purposes of the bankruptcy is an issue we need not decide. We need only decide whether the district court's imposition of sanctions in this litigation was an abuse of discretion. We conclude that it was not.

Bad faith or its equivalent may be demonstrated by "a variety of types of willful actions," B.K.B., 276 F.3d at 1108 (internal quotation marks omitted), including not only acts to delay litigation, Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997), but also filing a frivolous action or "abus[ing] judicial processes" in the conduct of an action, Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67 (1980). In nearly two years of litigation, Mr. Miller pursued claims that were properly the property of the bankruptcy estate as if they were his

5

own claims, and he never asserted the discharge as a defense to the defendants' counterclaims. The district court made an explicit finding that Mr. Miller's conduct was more than negligent, calling it neither "misleading or ambiguous," but instead "deceptive." This finding is sufficient to demonstrate the bad faith necessary for the imposition of sanctions.

**b.**

Mr. Miller's final contention, that the sanctions should be considered a pre-petition debt discharged by the bankruptcy proceeding, is equally unconvincing. The case he cites in support, In re Gullone, 301 B.R. 683 (Bankr. D.N.J. 2003), interprets New Jersey employment law to hold that the particular statutory attorneys' fees at issue in that case were a contingent interest at the time suit was filed. Gullone and its interpretation of a particular state statutory right to fees plainly have no bearing on the award of fees as the appropriate measure for the district court's discretionary imposition of sanctions. We have no reason, therefore, to treat the district court's award of fees on the basis of Mr. Miller's entirely post-petition conduct in the present case as a claim arising pre-petition.

**3.**

The defendants contend that Mr. Miller's appeal is frivolous, and they seek an award of attorneys' fees and costs for the appeal under Federal Rule of Appellate Procedure 38. The defendants make the request only in their appellate brief and have not filed the separate motion required by the rule. The commentary to the rule and our cases are clear that this manner of request will be denied. See Fed. R. App. P. 38 advisory committee's note ("A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice."); Higgins v. Vortez Fishing Sys., Inc., 379 F.3d 701, 709 (9th Cir. 2004). We therefore deny the request for fees on appeal without prejudice to a properly filed motion.

**AFFIRMED.**