**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation, | No. 12-56653 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:10-cv-06938-SVW-PLA |
| v. | |
| AMERICAN SPECIALTIES, INC., a New York Corporation, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellee. | |

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California Corporation, | No. 13-55471 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-06938-SVW-PLA |
| v. | |
| AMERICAN SPECIALTIES, INC., a New York Corporation, | |
| Defendant - Appellee. | |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 3, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Bobrick Washroom Equipment, Inc. (Bobrick) appeals a district court judgment, entered after a bench trial, in this Lanham Act action against American Specialties, Inc. (ASI). Bobrick alleged that ASI infringed its registered trademark and unregistered trade dress by manufacturing and selling a washroom accessory line, called "Roval," that closely resembles Bobrick's "Contura Series." The district court found that the registered trademark and alleged trade dress were functional and hence invalid. Bobrick also appeals the district court's order awarding it attorneys' fees and costs for ASI's discovery misconduct.

We review a district court's findings of fact after a bench trial for clear error. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). We review the district court's imposition of discovery sanctions for an abuse of discretion. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.     The district court properly placed the burden on ASI to establish that Bobrick's registered trade dress was functional and on Bobrick to establish that its alleged unregistered trade dress was nonfunctional.  The district court then properly identified and evaluated the factors enumerated in *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998), and concluded that both Bobrick's registered trademark and alleged unregistered trade dress were functional.   These factual findings of functionality were supported by ample evidence, including expert testimony presented by ASI and an advertisement from Bobrick documenting the functionality of the product.  The district court correctly viewed the Bobrick product design as a whole, and did not base its determination merely on the conclusion that the component parts of the Contura Series were functional.  *See Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 683 (9th Cir. 2012); *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001).[1]

2.     The district court did not abuse its discretion in imposing monetary sanctions rather than a default judgment and refusing to draw adverse inferences as a result of ASI's discovery violations. Nor, given the district court's detailed explanation for the attorney's fee award and the considerable discretion afforded to the district court in

---

[1]     Because we conclude that Bobrick's trademark and alleged trade dress are invalid, we need not reach the district court's alternative conclusions that Bobrick failed to establish either secondary meaning or likelihood of confusion.

determining fees and costs, *see Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222–23 (9th Cir. 2010), has Bobrick established that the district court abused its discretion by substantially reducing the requested fees and costs.[2]

**AFFIRMED**

---

[2]    Bobrick's motion to strike portions of ASI's supplemental excerpts of record is granted in part and denied in part.  The full deposition transcripts lodged but not filed in the district court are stricken.  To the extent that excerpts of the deposition transcripts were filed with the court and considered, however, those excerpts are properly part of the record on appeal.