**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| INNOSPAN CORP., a Delaware corporation, | No. 12-16071 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 3:10-cv-04422-WHA |
| v. | MEMORANDUM[*] |
| SHASTA VENTURES GP LLC, a California limited liability company, | |
| Defendant - Appellee, | |
| INTUIT, a Delaware corporation; et al., | |
| Defendants-counter-claimants - Appellees, | |
| V. | |
| HONG-SEOK KIM, | |
| Counter-defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

William Alsup, District Judge, Presiding

Submitted June 9, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

Innospan Corporation and its CEO, Hong-Seok Kim appeal the district court's Fed. R. Civ. P. 41(b) dismissal of Innospan's complaint asserting trademark infringement and related claims (the "Dismissal Order").[1]  Innospan contends that the district court abused its discretion in entering the Dismissal Order.  Innospan also contends that the district court abused its discretion in denying leave to file a motion for reconsideration of the magistrate judge's orders imposing discovery sanctions (the "Sanctions Order") and ordering Innospan to pay certain attorney's fees resulting from its discovery violations (the "Fees Order").  Finally, Innospan contends that the magistrate judge improperly rejected its own motion for discovery sanctions (the "Discovery Order").

The Dismissal Order was not an abuse of discretion.  The district court made specific findings concerning the relevant factors—the public's interest in resolution of the litigation, the court's need to manage its docket, the prejudice Innospan's

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[1] The district court also entered default judgment in favor of defendants on their counterclaims against Innospan and Kim.

discovery violations caused defendants, the policy that cases should be resolved on the merits, and the availability of less drastic alternatives—before concluding that Innospan's ongoing refusal to comply with court orders justified dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990–92 (9th Cir. 1999).

Nor did the district court abuse its discretion in declining to reconsider the Sanctions Order and the Fees Order. Innospan failed to file timely objections to the Sanctions Order and has therefore forfeited the same on appeal. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174–75 (9th Cir. 1996). The Fees Order similarly reflects a reasoned exercise of discretion. The magistrate appropriately calculated the lodestar rate for defendants' requested attorney's fees in an order that included a reduction in the total fees amount and reductions to account for block billing and excessive work. *See Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1222–23 (9th Cir. 2010).

Finally, even assuming that Discovery Order was material to the judgment, *see Nat'l Am. Ins. Co. of Calif. v. Certain Underwriters at Lloyd's London,* 93 F.3d 529, 540 (9th Cir. 1996), Innospan again failed to file timely objections to the magistrate's order, and therefore forfeited the same on appeal. *See Simpson*, 77 F.3d at 1174–75.

**AFFIRMED.**