**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA HUBBARD, | No. 13-56571 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01581-JLS-WVG |
| v. | |
| PLAZA BONITA, LP, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| FLAVA ENTERPRISES, INC., DBA House of Flava and HOT TOPIC, INC., DBA Torrid #5056, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 5, 2015[**]
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and FRIEDLAND, Circuit Judges and CHHABRIA,[***] District Judge.

The Appellant, Lynn Hubbard III, represented his mother in a lawsuit against a shopping mall and its tenants, alleging they denied her equal access to their facilities in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§12101 *et seq*. Hubbard's mother died during the litigation, but after her death he sent at least one of the defendants a settlement agreement purportedly signed by her, without informing the defendant that she had died. The district court sanctioned Hubbard for this conduct, and he appeals. We review for abuse of discretion, and must affirm the district court's ruling unless it was based on legal error or clearly erroneous findings of fact. *Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122, 1131 (9th Cir. 2015); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010). We affirm.

The district court sanctioned Hubbard under 28 U.S.C. § 1927 and pursuant to its inherent powers. Under § 1927, a district court may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously," if the attorney's conduct was reckless or in bad faith. *Lahiri*, 606 F.3d at 1219. Before imposing sanctions pursuant to its inherent powers, the district court must find "bad faith or conduct tantamount to bad faith." *B.K.B. v. Maui Police Dep't*, 276

---

[***] The Honorable Vince G. Chhabria, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

F.3d 1091, 1108 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001)).

On this record, the district court's finding that Hubbard acted recklessly and in bad faith was not clearly erroneous. Any rational attorney representing a plaintiff in an ADA access case would know that if his client died, the defendants would want to know about it, especially before signing a settlement agreement that promised prospective relief. And by sending the defendant an agreement after his mother's death that purported to contain her signature when it was not in fact her signature, Hubbard created the impression that she was still alive. Hubbard provides no coherent innocent explanation for this conduct, and the most logical conclusion to be drawn is that he intended to deceive the defendant. Such conduct rises to the level of recklessness and bad faith. Accordingly, the district court did not clearly err in making that finding, and did not abuse its discretion in sanctioning Hubbard.

Hubbard also contends the amount of the sanction was an abuse of discretion. The district court required Hubbard to pay the defendant $49,056.05 in attorneys' fees. This reflected the fees incurred by the defendant in the wake of its discovery of the problem with the settlement agreement. For example, the defendant incurred fees investigating the authenticity of the signature, researching the legal impact of the plaintiff's death on the lawsuit, participating in a settlement

conference with the magistrate judge after learning about the deception, and moving for sanctions. The defendant's counsel sought fees for work that was arguably tangential to the conduct for which Hubbard was sanctioned, and the district court conscientiously refused to include that work. Overall, the amount of the fee award was reasonable, and was the product of a discerning review by the district court. *See, e.g.*, *Haeger*, 793 F.3d at 1138; *Lahiri*, 606 F.3d at 1222–23.[1]

Finally, Hubbard contends he did not receive adequate notice that he could be sanctioned for his misleading conduct. Before sanctioning an attorney, a district court must provide notice of the "particular alleged misconduct" that could warrant sanctions. *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1060 (9th Cir. 2009) (quoting *Miller v. Cardinale (In re Deville)*, 361 F.3d 539, 548 (9th Cir. 2004)). Hubbard received such notice. The order to show cause issued by the magistrate judge asked "why sanctions should not be imposed on [Hubbard] for allegedly placing Plaintiff's signature on settlement documents prior to and after her death." The order also asked why Hubbard should not be sanctioned for pursuing a settlement agreement that would give prospective relief to the plaintiff notwithstanding her death, and for "failing to timely disclose to the Court Plaintiff's death." This adequately encompasses the conduct for which the district

---

[1] The appellee argues that the district court erred in refusing to include certain billings in the fee award, but the appellee neither preserved this issue below nor cross-appealed on it, so it is waived. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

4

court ultimately sanctioned Hubbard.

Hubbard's motion to strike the answering brief and supplemental excerpts of record is denied as moot because we do not rely upon the materials to which Hubbard objects.  Hubbard's request for judicial notice is denied for the same reason.  Finally, Hubbard's motion for monetary sanctions is denied.  *See Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1128 (9th Cir. 2009) ("The consequences of [counsel]'s violation are too minimal to justify monetary sanctions.").

The district court's judgment is AFFIRMED.