Avinash B. KULKARNI,
Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF
STATE, Defendant-Appellee.

No. 14-55132

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2017 *

Filed June 30, 2017

Avinash B. Kulkarni, Pro Se

David Pinchas, USLA—Office of the
U.S. Attorney, Los Angeles, CA, for De-
fendant-Appellee

Before: PAEZ, BEA, and MURGUIA,
Circuit Judges.

MEMORANDUM **

Avinash B. Kulkarni appeals pro se from
the district court's summary judgment in
his Freedom of Information Act ("FOIA")
action arising out of his request for docu-
ments relating to his son's passport appli-
cation. We have jurisdiction under 28
U.S.C. § 1291. We review de novo. *Animal
Legal Def. Fund v. U.S. Food & Drug
Admin.*, 836 F.3d 987, 990 (9th Cir. 2016)
(en banc). We affirm.

The district court properly granted sum-
mary judgment because Kulkarni failed to
raise a genuine dispute of material fact as
to whether defendant did not establish
that the withheld documents were exempt
from disclosure under Exemption 6 of
FOIA. *Sexe* 5 U.S.C. § 552(b)(6) (explain-
ing that FOIA does "not apply to ...
personnel and medical files and similar
files the disclosure of which would consti-
tute a clearly unwarranted invasion of per-
sonal privacy"); *Cameranesi v. U.S. Dep't
of Def.*, 856 F.3d 626, 637-39 (9th Cir. 2017)
(in determining whether Exemption 6 ap-
plies, courts first "evaluate the personal
privacy interest at stake to ensure that
disclosure implicates a personal privacy
interest that is nontrivial or more than de
minimis," and then balance any such priva-
cy interest with the "public interest in
disclosure" (citation, internal quotation
marks, and alternations omitted)). To the
extent that Kulkarni challenges the suffi-
ciency of the search for documents, we
reject Kulkarni's challenge as unsupported
by the record. *See Hamdan v. U.S. Dep't
of Justice*, 797 F.3d 759, 770-71 (9th Cir.
2015) (setting forth requirements for dem-
onstrating adequacy of search for docu-
ments).

The district court did not abuse its dis-
cretion in denying Kulkarni's motion for
sanctions because Kulkarni failed to identi-
fy any conduct warranting sanctions. *See
Lahiri v. Universal Music & Video Dis-
trib. Corp.*, 606 F.3d 1216, 1218 (9th Cir.
2010) (setting forth standard of review).

We reject as meritless Kulkarni's con-
tention that the district court committed
legal error in not addressing his challenge
to the then-operative FOIA regulations.

We do not consider matters not specifi-
cally and distinctly raised and argued in
the opening brief, or arguments and alle-
gations raised for the first time on appeal.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

*See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Kulkarni's motion to review and enjoin (Docket Entry No. 29) and motion for sanctions (Docket Entry No. 32) are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.