NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BESSIE LEE-FREITAS PREGANA; BRIAN JOSEPH PREGANA, Sr., Plaintiffs-Appellants, v. CITIMORTGAGE INC.; et al., Defendants-Appellees. | No. 15-15906 D.C. No. 1:14-cv-00226-DKW-KSC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Bessie Lee-Freitas Pregana and Brian Joseph Pregana, Sr., appeal pro se

from the district court's summary judgment in their action alleging federal claims

arising from the foreclosure of their home. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Oskoui v. J.P. Morgan Chase Bank, N.A.*, 851 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

851, 853 (9th Cir. 2017).  We affirm.

The district court properly granted summary judgment on the Preganas'
claims challenging defendant CitiMortgage, Inc.'s standing to foreclose and
alleging fraud because the Preganas failed to raise a genuine dispute of material
fact as to whether CitiMortgage, Inc. did not hold the note.  *See* Haw. Rev. Stat.
§ 490:3-301 (holder of the instrument is entitled to enforce the instrument even if
the person is not the owner of the instrument).

The district court properly granted summary judgment on the Preganas' Fair
Debt Collection Practices Act ("FDCPA") claim because the Preganas failed to
raise a genuine dispute of material facts as to whether defendants are considered
debt collectors under the FDCPA.  *See* 15 U.S.C. § 1692a(6)(F)(iii) (excluding
from the definition of debt collector a party seeking to collect any debt owed where
the debt concerned was not in default at the time it was acquired); *Schlegel v. Wells
Fargo Bank, N.A.*, 720 F.3d 1204, 1208 (9th Cir. 2013) (plaintiff "must plead
factual content that allows the court to draw the reasonable inference that [the
defendant] is a debt collector" (citation internal quotation marks omitted)); *cf. De
Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074-75 & n.3 (9th Cir. 2011)
(property manager responsible for collecting rent was not a debt collector under the
FDCPA where that responsibility existed before rent was payable).

The district court properly granted summary judgment on the Preganas'

Truth in Lending Act ("TILA") claim because the one-year statute of limitations had expired, and there was no basis for equitable tolling. *See* 15 U.S.C. § 1640(e) (statute of limitations); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011) (equitable tolling for TILA appropriate when party is "unable to obtain vital information bearing on the existence of the claim").

The district court did not abuse its discretion in denying the Preganas' request for sanctions because Citimortgage, Inc.'s attorney did not engage in conduct that demonstrated bad faith. *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218-19 (9th Cir. 2010) (setting forth standard of review and noting that sanctions imposed under the district court's inherent authority requires a bad faith finding).

The district court did not abuse its discretion in denying the Preganas' request for a continuance under Fed. R. Civ. P. 56(d) because the Preganas failed to identify the specific facts that they hoped to elicit from further discovery, or to show that the facts they sought were essential to oppose summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (requirements for a continuance on a motion for summary judgment); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued

15-15906

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Preganas' request for judicial notice, set forth in their opening brief, is denied.

**AFFIRMED.**