**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A.H. LUNDBERG ASSOCIATES, INC. a Washington corporation and LUNDBERG, LLC, | No.  17-35304 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-01160-JLR |
| v. | MEMORANDUM[*] |
| TSI, INC, a Washington corporation, | |
| Defendant, | |
| v. | |
| RICHARD J. MARTIN and MARTIN THERMAL ENGINEERING, INC., | |
| Movants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, Judge, Presiding

Argued and Submitted June 11, 2018
Seattle, Washington

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[**] District Judge.

Expert witness Dr. Richard J. Martin ("Martin") and Martin Thermal Engineering, Inc. appeal the district court's imposition of sanctions, including the striking of Martin's trial testimony, personal monetary sanctions, and a finding of misconduct.  We have jurisdiction under 28 U.S.C. § 1291 over an order imposing sanctions upon a nonparty, and **AFFIRM in part and REVERSE in part**.

1.  We review a district court's exercise of its inherent power to impose sanctions for abuse of discretion.  *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).  A district court abuses its discretion if it bases its decision "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005).  We review a district court's interpretation of the Federal Rules of Civil Procedure de novo.  *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014).  Federal Rule of Civil Procedure 26(a)(2)(B) unambiguously requires an expert witness to disclose the "basis and reasons" for opinions he or she will express and the "facts or data" supporting those opinions.  Fed. R. Civ. P. 26(a)(2)(B)(I), (ii).  Insofar as the

[**]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

district court interpreted Rule 26 to require the disclosure of all communications with subcontractors, regardless whether those communications had any influence on Martin's opinions or testimony, that interpretation was erroneous.

2.  Martin did not engage in bad faith conduct or conduct "tantamount to bad faith." *Cf. B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002). There was no evidence before the district court that Martin omitted any facts, data, or reasons underpinning his expert opinions. The exclusion of certain subcontractor information from Martin's otherwise exhaustive list of disclosed materials was not conduct tantamount to bad faith where the omitted information was irrelevant. Nor was Martin's testimony inconsistent. Martin explained that he did not intentionally omit relevant information, but instead followed his usual practice of omitting information that he did not consider to be important, including the names of subcontractors. Martin's admission of unintentional conduct referred not to his conscious decision to omit subcontractor information, but rather to his potentially erroneous identification of certain relevant information as immaterial.[1] The district court erroneously assessed Martin's testimony, and abused its

---

[1] As discussed above, Martin's identification of the subcontractor information at issue as irrelevant was consistent with Rule 26.

discretion in determining that Martin engaged in bad faith conduct or conduct tantamount to bad faith.

Accordingly, the monetary sanctions and finding of misconduct against Martin are **VACATED**.

3. Martin lacks standing to appeal the striking of his testimony. The district court's written order distinguished the personal sanctions against Martin from the striking of his testimony. Although some courts have found that findings of misconduct or explicit reprimands can constitute appealable sanctions, we are aware of no authority for the proposition that the striking of Martin's testimony, which itself had little impact on Martin, constitutes a cognizable injury sufficient to confer appellate standing. *See, e.g., Lynn v. Gateway Unified Sch. Dist.*, 771 F.3d 1135, 1140 (9th Cir. 2014); *cf. United States v. Talao*, 222 F.3d 1133, 1138 (9th Cir. 2000).

**AFFIRMED in part, REVERSED in part, VACATED in part.**