
**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE LOZANO, | No. 15-55535 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00333-JAH-RBB |
| v. | |
| JULIO YEE CABRERA; ENRIQUE WONG VASQUEZ, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| ENRIQUE LOZANO, | No. 16-55522 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00333-JAH-RBB |
| MARK D. POTTER; RUSSELL CLIVE HANDY, | |
| Appellants, | |
| v. | |
| JULIO YEE CABRERA; ENRIQUE WONG VASQUEZ, | |
| Defendants-Appellees. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted January 10, 2017[**]
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,[***] Senior District Judge.

Enrique Lozano appeals the district court's order dismissing his 2014 lawsuit under Title III of the Americans with Disabilities Act (ADA) and related state laws for lack of subject matter jurisdiction. Lozano also appeals the district court's order imposing sanctions against Lozano and his counsel pursuant to Federal Rule of Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a lawsuit, whether under Rules 12(b)(1), 12(b)(6) or 56. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015); *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 720 (9th Cir. 1997). We affirm the dismissal, but for different reasons than those stated by the district court. *See Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). An order imposing Rule 11 sanctions is reviewed for an abuse of discretion. *See Cooter & Gell v.*

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

*Hartmarx Corp.*, 496 U.S. 384, 405 (1990). We vacate the award of sanctions and remand.

1. Lozano, a paraplegic who uses a specially equipped van, alleged that he was denied a handicapped accessible parking space at a commercial property owned by defendants Julio Yee Cabrera and Enrique Wong Vasquez. In 2001, Lozano had also filed an ADA lawsuit against Cabrera and Vasquez based upon the lack of handicap accessible parking at the same property. The 2001 lawsuit settled and, pursuant to a Stipulation of Dismissal signed by the court, the 2001 court was to retain jurisdiction over all disputes arising out of the settlement agreement. Finding that the 2014 lawsuit fell within the terms of the 2001 settlement agreement, the district court dismissed the 2014 lawsuit under Federal Rule of Civil Procedure 12(b)(1), concluding that it lacked jurisdiction over the lawsuit because Lozano should have filed a motion to enforce the earlier settlement in the 2001 court.

Although we disagree with the district court's conclusion that it did not have jurisdiction over the lawsuit, the lawsuit was properly dismissed as barred by the prior settlement. And because the court considered matters outside the pleadings in so concluding, Rule 56, rather than Rule 12(b)(6), was the proper vehicle for dismissal. *See Tanner*, 879 F.2d at 577 (treating a "motion to dismiss as a motion

3

for summary judgment and apply[ing] the standard of Rule 56 of the Federal Rules of Civil Procedure in [court of appeals'] de novo review of the Rule 12(b)(6) dismissal").

2. Defendants moved for sanctions under both Rule 11 and 28 U.S.C. § 1927. The court granted defendants' motion for sanctions under Rule 11, concluding that the lawsuit was not warranted by law and was filed to pressure defendants into paying an additional monetary settlement. The district court expressly declined to award sanctions pursuant to 28 U.S.C. § 1927, stating that "[b]ecause this Court granted Defendants' motion for sanctions under Rule 11 based upon the same conduct, the Court finds sanctions under section 1927 unwarranted." (No. 16-55522).

There are three primary mechanisms through which a court may "sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). "Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions

remedy." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).

A number of the reasons the district court gave for imposing sanctions fall outside the scope of conduct that would support the imposition of sanctions under Rule 11. (No. 16-55522). Given that the district court considered extra-pleadings conduct in awarding sanctions pursuant to Rule 11, we vacate the sanctions award and remand to allow the district court to consider whether to award sanctions under 28 U.S.C. § 1927 or to clarify its reasons for imposing sanctions under Rule 11. *See Christian*, 286 F.3d at 1131; *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1154 (9th Cir. 2002). We are not deciding that the conduct of counsel was not sanctionable; merely, that the wrong procedural mechanism was invoked to support the sanctions imposed.

3. Appellees' request for judicial notice, filed on October 6, 2015, is denied as unnecessary.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

5