**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE LOZANO, | No. 22-55273 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00333-JAH-RBB |
| MARK D. POTTER, | |
| Appellant, | MEMORANDUM* |
| v. | |
| JULIO YEE CABRERA; ENRIQUE WONG VASQUEZ, | |
| Defendants-Appellees, | |
| WILLIAM ANTHONY ADAMS, | |
| Appellee, | |
| and | |
| BEAMSPEED, LLC, an Arizona Limited Liability Company; DOES, 1-10, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 9, 2022
Pasadena, California

Before:  M. SMITH, COLLINS, and LEE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge COLLINS.

Plaintiff appeals the district court's imposition of sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  For the reasons below, we affirm the sanctions award under Section 1927 but vacate the Rule 11 sanctions.

1. The district court did not abuse its discretion by imposing sanctions pursuant to 28 U.S.C. § 1927.  Section 1927 provides for imposition of "excess costs, expenses, and attorneys' fees" on counsel who "multiplies the proceedings in any case unreasonably and vexatiously."  In conducting review of a district court's factual findings in support of sanctions, we "would be justified in concluding that [the court] had abused its discretion in making [the findings] only if [they] were clearly erroneous."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 386 (1990)) (alterations in original).  The district court's legal findings must be affirmed unless they result from a "materially incorrect view of the relevant law."  *Id*. (quoting *Cooter & Gell*, 496 U.S. at 402).

Plaintiff argues that the Section 1927 award should be vacated because the

2

district court did not make a finding of "subjective bad faith" on the part of counsel. But our case law states that while "bad faith is required for sanctions under the court's inherent power" to sanction, "recklessness suffices" for the imposition of sanctions under Section 1927. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).

Here, the district court's finding that Plaintiff's counsel "ignor[ed] Defendants' counsel's repeated requests for a copy of the settlement agreement and then doubl[ed] the settlement demand," is sufficient for purposes of imposing sanctions under the statute, as the conduct multiplied proceedings in an unreasonable manner. *See id.* ("Here defense counsel's misconduct multiplied the proceedings by prompting the motion for a mistrial and the subsequent imposition of sanctions."); *cf. Christian*, 286 F.3d at 1129 (finding that district court did not abuse its discretion in awarding sanctions where counsel "sought to resurrect [a] copyright claim by deluging the district court with supplemental filings."). It was inexcusable for Plaintiff to have filed this duplicative suit without first retrieving and reviewing the prior settlement agreement, and the district court reasonably concluded that the unjustified delay in producing the agreement adversely affected the course of the settlement discussions and unreasonably lengthened the proceedings.

3

Moreover, the district court's reference to counsel's conduct in "doubling the settlement demand" must be understood in the context of its additional factual findings in support of sanctions in its prior order. The court, for example, found that Plaintiff increased the settlement amount "to punish Defendants"; and that "Plaintiff's emails appear[ed] to be indicative of vexatious behavior as opposed to zealous advocacy."[1] These findings further support the district court's Section 1927 sanctions award.

2. The district court did abuse its discretion in imposing Rule 11 sanctions, however. In the parties' first appeal, we explained that Rule 11 sanctions "appl[y] to signed writings filed with the court," while Section 1927 sanctions are "aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings." *Lozano v. Cabrera*, 678 F. App'x 511, 513 (9th Cir. 2017). We further explained that "[e]ach of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct

---

[1] We reject Plaintiff's contention that the district court's order did not make clear which attorneys were the subject of the sanctions imposed under Section 1927. Viewing the order in context, it is clear that the court's sanctions were directed at the attorneys whose conduct underlay the court's findings—namely, Phyl Grace and Mark Potter. To the extent that Plaintiff now contends that there was sufficient evidence to support a sanctions award under Section 1927 against Grace but not against Potter, no such differential argument was raised below. In any event, the grounds we have described above extend sufficiently to both counsel that we cannot say that the district court abused its discretion in extending its order to both attorneys.

at issue falls within the scope of the sanctions remedy." *Id*. (citing *Christian*, 286 F.3d at 1127). Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must determine "whether the complaint is legally or factually 'baseless' from an objective perspective." *Christian*, 286 F.3d at 1131.

Here, the district court explained that it found the lawsuit to be baseless because "the plain language of the stipulation for dismissal clearly indicat[ed] the court retained jurisdiction over 'all disputes between (among) the parties arising out of the settlement agreement,'" thereby precluding the need for a new lawsuit. Plaintiff, however, correctly notes that he raised colorable arguments in support of filing the second lawsuit even in light of this language.

For example, he notes that at least one portion of the agreement's release language referred to claims that "may have arisen prior to the effective date" of the agreement, which he argued supported his view that future claims involving new conduct may not have been released. He also argued that, under his reading of the settlement's language, there were no terms in the settlement binding defendants that Plaintiff could have enforced through a motion. Therefore, even though we did ultimately reject Plaintiff's arguments on the merits in the prior appeal, *Lozano,* 678 F. App'x at 513, the district court did not demonstrate that the facts surrounding the pleadings filed warranted Rule 11 sanctions.

**AFFIRMED IN PART, REVERSED IN PART**. Each party shall bear its

5

own costs on appeal. The Clerk is directed to forward a copy of this memorandum to the State Bar of California, with copies to attorneys Mark Potter and Phyl Grace. *Cf.* Cal. Bus. & Prof. Code § 6086.7(a)(3), (b). We note that, in its earlier sanctions order, the district court stated that the record contained evidence of "questionable settlement practices with opposing parties" by Plaintiff's counsel that "suggest[ed] conduct bordering upon, if not an actual, violation of the code of conduct." Although we do not rely on such alleged practices in our decision, we nonetheless call the district court's observation to the State Bar's attention for whatever consideration, if any, it may warrant.

*Lozano, et al. v. Cabrera, et al*, No. 22-55273

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court abused its discretion in awarding sanctions under Federal Rule of Civil Procedure 11, and I therefore concur in Part 2 of the memorandum disposition. But I would also reverse the district court's separate award of sanctions under 28 U.S.C. § 1927, and I therefore dissent from Part 1 of the majority's decision.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To warrant sanctions under this provision, the conduct must be at least reckless, *see Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010), and it must cause the proceedings to be multiplied "in both an 'unreasonable and vexatious manner.'" *In re Girardi*, 611 F.3d 1027, 1060–61 (9th Cir. 2010). The district court abused its discretion in finding that this standard was met here.

The district court's § 1927 sanctions award was based on the premise that, by "ignoring Defendants' counsel's repeated requests for a copy of the settlement agreement and then doubling the settlement demand when they finally provided a copy of the agreement to Defendant's counsel, *rather than dismissing the action*,

[Plaintiffs' counsel] unreasonably multiplied proceedings in this matter" (emphasis added). To the extent that this analysis rests on the view that Plaintiffs' counsel, after retrieving and reviewing the settlement agreement, should have immediately "dismiss[ed] the action" outright, that is just another way of saying that the district court thought that counsel pursued a frivolous case. That theory necessarily fails for the same reasons that the district court's reliance on Rule 11 fails. *See* Mem. Dispo. at 5.

Given that the § 1927 sanctions cannot be sustained on the theory that Plaintiff's counsel multiplied the proceedings by pursuing frivolous claims, the only remaining question is whether there is any *other* basis for concluding that Plaintiffs' counsel can be said to have multiplied the proceedings either by (1) delaying the production of the prior settlement agreement or by (2) doubling the settlement demand in this case. The answer is no.

As an initial matter, the delay in producing the settlement agreement from the earlier case was fairly modest. Defendants' counsel first requested the settlement agreement on April 11, 2014 and Plaintiffs' counsel finally provided a copy on April 30—a delay of only 19 days. No court activity took place during those 19 days; there were no impending court deadlines; and Defendants' counsel did not file a motion to dismiss until August of that year. Accordingly, there is no sense in which it can be said that the delay in providing the settlement agreement

2

caused any *filings or court proceedings* to take place that would not have otherwise occurred. *Cf. B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (holding that counsel multiplied proceedings by engaging in bad-faith conduct that necessitated a motion for mistrial).

That leaves only the theory that, by delaying production of the prior settlement agreement and doubling the settlement demand for this case, Plaintiffs' counsel unreasonably and vexatiously multiplied the proceedings by *causing the case not to settle*. The majority upholds the sanctions award on this basis, *see* Mem. Dispo. at 3–4, but in my view, there simply is no factual basis in this record for concluding that Plaintiffs' counsel's challenged conduct derailed a settlement that was otherwise in the offing.

The prior settlement agreement was delivered to Defendants' counsel on April 30, 2014, and less than one hour later the settlement demand for this case was doubled. But by that point, the parties' respective settlement positions had already consistently remained far apart. Until the demand was doubled, Plaintiffs' counsel had repeatedly demanded $6,000 and had shown no willingness to accept a lower number. Although Defendants' counsel had moved from offering only non-monetary relief to offering $2,000, there is no evidence that Plaintiffs' counsel would ever have accepted that number. Nor is there any evidence—other than sheer speculation—that the parties might otherwise have agreed to a number

3

between those two.  In one communication, Defendants' counsel noted that the statutory damages under the Unruh Act were fixed at "$4,000 ($2,000 for quick repairs)," *see generally* CAL. CIV. CODE §§ 52(a), 55.56(f)(2) (2014 ed.), but he then explained that this was an "extremely rare and unique" case that warranted "something other than formulaic treatment."  Thus, even if this communication were generously construed as obliquely floating a compromise at $4,000, there is no actual basis in the record for concluding that Plaintiffs' counsel would ever have accepted that number.  Accordingly, to the extent that the district court concluded that, but for the delay in the production of the prior settlement agreement and the doubling of the current settlement demand, the case would otherwise have settled, that finding rests on "unadulterated speculation" and is therefore "clearly erroneous."  *United States v. Coffey*, 233 F.2d 41, 43–44 (9th Cir. 1956).

Because none of the grounds identified by the district court can support a conclusion that Plaintiffs' counsel "unreasonably and vexatiously" "multiplie[d] the proceedings," 28 U.S.C. § 1927, I would reverse the district court's sanctions award under that statute as well.  I therefore respectfully dissent from Part 1 of the majority's memorandum disposition.

4